# <u>EXHIBIT B</u>

7/16/2021 11:56 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 55423318
By: Joshua Hall
Filed: 7/16/2021 11:56 AM

CAUSE NO. _____

| | | |
|---|---|---|
| **ESMERALDA URBANO** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **FIESTA MART, L.L.C.** | § | |
| | § | |
| *Defendant.* | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Esmeralda Urbano complains of Defendant Fiesta Mart, L.L.C. (hereinafter, "Defendant"), and would respectfully show the Court that:

### Discovery Control Plan

1.      Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

### Jurisdiction and Venue

2.      The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

### Statement Regarding Monetary Relief Sought

3.      Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney's fees and judgment for all other relief to which Plaintiff is justly entitled.  Plaintiff expressly reserves the right to amend this Rule 47 statement of relief if necessary.

## Parties

4.      Plaintiff is an individual residing in Harris County, Texas.

5.      Defendant Fiesta Mart, L.L.C. (hereinafter "Defendant"), is a Texas entity engaged in business in Harris County, Texas. Defendant may be served with process by serving its registered agent, CT Corporation System, at 1999 Bryan St. Suite 900, Dallas, Texas 75201.

## Facts

6.      This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about June 5, 2021. At that time, Plaintiff was an invitee at Defendant's business at 333 S. Mason Road, Katy, Texas 77450. Plaintiff was walking through the Defendant's store when she slipped and fell on a clear liquid that was present in an aisle. The slip and fall caused the Plaintiff to suffer severe injuries. There were no warning signs present or any other signs of caution near the area where the incident occurred. Plaintiff was not aware of the dangerous and defective condition.

7.      At the time of the incident in question, Plaintiff was an invitee of the Defendant. Defendant knew or should have known of the unreasonably dangerous condition and neither corrected nor warned Plaintiff of it. Plaintiff did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendant either created the condition and/or failed to correct the condition or to warn Plaintiff about the dangerous condition, which constituted negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries.

8.      Plaintiff would show that, based on the above-described facts, Defendant was negligent. Defendant, as occupier and owner of the premises, with control over the premises, had a duty to inform Plaintiff of the dangerous condition and make safe the defective condition existing on Defendant's premises.

2

9.     Defendant is liable to Plaintiff under the theory of premises liability and negligence based on the following negligent conduct:

   a.   Failure to maintain the premises, including floor and walkways, in a reasonably safe condition;

   b.   Failure to inspect the premises where the dangerous condition existed;

   c.   Failure to correct the condition by taking reasonable measure to safeguard persons who entered the premises;

   d.   Failure to inform Plaintiff of the dangerous condition existing on the premises; and

   e.   Other acts deemed negligent.

10.    Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

11.    Defendant was also negligent in that it failed to act as a reasonably prudent premise owner would act in the same or similar situation.

## Damages

12.    As a result of these acts or omissions, Plaintiff sustained damages recognizable by law.

13.    By virtue of the actions and conduct of Defendant as set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

   a.   Past and future medical expenses,

   b.   Past and future pain, suffering and mental anguish;

   c.   Past and future physical impairment;

   d.   Past and future physical disfigurement; and

   e.   Past lost wages and future loss of earning capacity.

14.    By reason of the above, Plaintiff is entitled to recover damages from Defendant in an amount within the jurisdictional limits of this Court, as well as pre and post-judgment interest.

### Duty to Disclose

15.    Pursuant to 194, Tex. R. Civ. P. exempted by Rule 194.2(d), Defendant must, without awaiting a discovery request, provide to Plaintiff the information or material described in Rule 194.2, Rule 194.3, and Rule 194.4.

### Initial Disclosures

16.    Pursuant to Rule 194, Tex. R. Civ. P., Defendant must, without awaiting a discovery request, provide information or materials described in Texas Rule of Civil Procedure 194.2 in Defendant's initial disclosure at or within 30 days after the filing of the first answer. Copies of documents and other tangible things must be served with Defendant's response.

### Rule 193.7 Notice

17.    Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

### Prayer

Plaintiff prays that this citation issues and be served upon Defendant in a form and manner prescribed by law, requiring that Defendant appears and answers, and that upon final hearing, Plaintiff has judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre and post-judgment interest, all costs of Court, and all such other and further relief, to which she may be justly entitled.

*(Signature Bar on the next page)*

4

Respectfully submitted,

**DASPIT LAW FIRM**

*/s/ Nathan Yost*
Nathan Yost
Texas State Bar No. 24121217
440 Louisiana Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 322-4878
Facsimile: (713) 587-9086
Email: e-service@daspitlaw.com

**ATTORNEY FOR PLAINTIFF**

8/16/2021 11:03 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 56329900
By: Devanshi Patel
Filed: 8/16/2021 11:03 AM

CAUSE NO. 2021-43036

| | | |
|---|---|---|
| ESMERALDA URBANO | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| vs. | § | 113TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| FIESTA MART, LLC | § | |
| Defendant. | § | OF HARRIS COUNTY, TEXAS |

### DEFENDANT FIESTA MART, LLC'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant FIESTA MART, LLC, files this Original Answer to Plaintiff's Original Petition and in support thereof, would respectfully show the Court the following:

### I.    General Denial

1.      Under Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation made against Defendant in Plaintiff's Petition.

### II.    Affirmative Defenses

2.      Defendant asserts the affirmative defense of contributory negligence. The negligence of Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendant requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

3.      Defendant is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

4.      Defendant alleges that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendant has no liability.

1

5.      Defendant affirmatively pleads that Plaintiff's injuries were caused by the actions or inactions of parties not under Defendant's control.

6.      Defendant affirmatively pleads the defense set forth in Texas Civil Practice and Remedies Code Section 18.091, requiring Plaintiff to prove Plaintiff's loss of earning, loss of contributions of a pecuniary value, and/or loss of earning capacity in the form of a net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law.

7.      To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

8.      Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

### III.  Prayer

FOR THESE REASONS, Defendant FIESTA MART, LLC respectfully prays that the Court enter a judgment that:

1.      Dismisses all claims against Defendant FIESTA MART, LLC, incorrectly sued as FIESTA MART, INC. and orders that Plaintiff takes nothing by reason of Plaintiff's allegations.

2.      Orders that Defendant recover all costs incurred in defense of Plaintiff's claims, and that Defendant' judgment against Plaintiff include the following:

2

a.  Costs of suit; and

b.  Such other and further relief, general and special, at law or in equity, to which

Defendant may be justly entitled.

Respectfully submitted,
MEHAFFYWEBER, P.C.

By:*/s/Maryalyce W. Cox*
Maryalyce W. Cox
State Bar No. 24009203
Hannah M. Owens
State Bar No. 24084330
One Allen Center
500 Dallas, Suite 2800
Houston, Texas  77002
Telephone  - (713) 655-1200
Telecopier  - (713) 655-0222
maryalycecox@mehaffyweber.com

ATTORNEY FOR DEFENDANT
FIESTA MART, LLC.

## **CERTIFICATE OF SERVICE**

This will certify that a copy of the foregoing document was furnished to counsel for Plaintiff on August 16, 2021, pursuant to the Texas Rules of Civil Procedure.

*Maryalyce W. Cox*
Maryalyce W. Cox